LARTHET *v.* HOGAN et al.

Where the property of one against whom judgment has been rendered appears to be subject
to privileges or mortgages, entitled to a preference over the judgment creditor, the latter
may, by a rule to show cause, as incidental to the proceedings had for the purpose of selling
the property, call upon those claiming such privileges or mortgages, to show cause why they
should not be erased. The seizing creditor cannot be required to resort to a direct action
against persons holding such privileges or mortgages.

Where notes secured by mortgage have been prescribed, the creditors of the mortgagor may
claim the benefit of the prescription. C. C. 3429. Nor can any rights acquired by the credi-
tors by the completion of the prescription, be affected by a subsequent acknowledgment of
the debt by the debtor.

APPEAL by *Malard* and *Armistead*, who had been subrogated to the rights
of the plaintiff, from a judgment of the District Court of the First District,
*Buchanan*, J., discharging a rule taken by them on *John Green*, and the recorder
of mortgages of Jefferson.

*Sigur* and *Bonford*, for the appellants. The renunciation of prescription
made by a debtor, cannot affect rights previously acquired by third persons.
*Merlin, Repert, verbo* Prescription, sec. 1, § 4, No. 2. Troplong, Prescrip. No.
100. Pothier, Oblig. No. 665. Delvincourt, p. 205.

*Josephs*, contrâ.

The judgment of the court was pronounced by

EUSTIS, C. J. The first question to be considered in this case is, as to the
correctness of the proceedings taken in behalf of the plaintiff against *John Green*,
for the purpose of effecting the erasure of certain mortgages existing in his
name, on property seized under an execution against one of the defendants, *Ter-
rell*. A rule was taken against *Greene*, and the recorder of mortgages of the
parish of Jefferson, where the property was situated, to show cause why the
mortgages should not be erased and cancelled, on the ground that the notes, the
payment of which they purported to secure, were prescribed by lapse of time.
*Greene* filed his exception to this mode of proceeding, averring that he was not
bound to litigate his rights in this form, and could not be compelled to appear
and plead in a suit to which he was not a party ; that his claims against *Terrell*,
the defendant in execution, were a distinct and separate obligation, which, *in
due time*, he would be prepared to enforce against him; but that he could not
be compelled to do so in this suit. The exception also denied the right of the
plaintiff to avail himself of the prescription, by which it was alleged that the
notes were extinguished. This exception was overruled by the court, and it
proceeded to hear and determine the matters at issue on the rule.

Proceedings like this have been of common practice of late years, but it is
believed that there is no adjudged case in which their validity has been settled.
The property of the debtor is the common pledge of his creditors ; and the right
of the creditors to sell it, and to cause the proceeds to be distributed rateably
among them, unless there exist some lawful cause of preference, is a necessary
consequence of this principle. Civil Code, art. 3150.

But if, at the sale under execution, the sum bid does not exceed an amount
sufficient to discharge the privileges and mortgages which take precedence of
the judgment, it is expressly provided that there can be no sale. Code of Prac-

tice, art. 684. It follows therefore that, in order to effect a sale of property upon which incumbrances of this kind appear to rest according to the certificate of the recorder of mortgages, there must be some mode of testing their validity; and it is a well known fact that, for the purpose of keeping property from the reach of creditors, mortgages are permitted to remain on the records, a long time after they have been extinguished by payment or otherwise. The neglect and inattention of debtors also are frequently the cause of the non-erasure of mortgages. It would be singular if a case of this kind, under our abundant legislation on the subject of practice, had been left without an adequate remedy; for to drive the seizing creditor in all cases, before he could give effect to his execution, to a direct action against those who nominally hold privileges or mortgages on the property of the debtor, would be to expose him oftentimes to unnecessary expense, and to unreasonable delay, both of which objects our Code of Practice, on all occasions, discountenances. We think that Code has made full provision for settling questions of this kind as incidents of sales under execution, and which are necessary to be settled in order to give effect to sales, by relieving the titles of property from fictitious, and merely apparent, incumbrances.

In order to effect a sale under execution of property, subject to privileges or mortgages taking precedence of the judgment creditor, we think he has a right to call upon the creditors by privilege or mortgage to make known and maintain their rights; and that this may be done by rules taken on them for that purpose, as incidental to the proceedings had for the purpose of selling the property, and applying the proceeds to the payment of his debt. That, on the release of the note, the privileged or mortgage creditor is bound to file his third opposition, under articles 301, 395 et seq. of the Code of Practice, which amply provide for the ascertainment and protection of his rights as a creditor. We come therefore to the conclusion that the judge did not err, in overruling the exception filed by the mortgage creditor, John Greene.

The notes for which the mortgages were given were all prescribed by lapse of time; but it was contended that the acknowledgments of the debtor, brought them within article 3486 of the Civil Code, which provides that prescription is interrupted by the acknowledgment of the debtor of the right of the creditor. The acknowledgments are attempted to be proved by the testimony of the debtor, Terrell. It is sufficient to observe in relation to this witness that, his position in relation to the parties, and the promise of Greene to give him one half of the proceeds of the property mortgaged when sold, constitute such an objection to his credibility that, independent of the indefinite character of the supposed acknowledgments as disclosed by him, we are bound to consider them as not proved.

If the notes which the mortgages were intended to secure were prescribed by lapse of time, the obligation on which they were based became thereby extinguished, and of this creditors have a right to avail themselves. Civil Code, art. 3429. The acknowledgment of the debt by the witness on the trial of the cause, cannot affect the rights which the creditors have acquired by reason of the prescription. These rights are beyond the reach of the debtor, and cannot be changed by any act of his, to their detriment. Pothier on Obligations, No. 700. The authority of Merlin and Troplong is to the same effect. The rule taken by the plaintiffs must therefore be made absolute.

It is therefore decreed that the judgment appealed from be reversed; and it

LARTHET  is further decreed that, the mortgages on the property seized, to wit, one undi-
  v.     vided half of the squares numbers 28 and 30, in the place called Bloomingdale,
HOGAN.   in the parish of Jefferson, appearing on the certificate of the recorder of mort-
gages of said parish against *Richard Terrell*, in favor of *John Greene*, to secure
the payment of certain notes described therein, having been extinguished, the
said recorder of mortgages be commanded forthwith to erase the same; and
that the said *John Greene* pay the costs in both courts.