## SUCCESSION OF EDMOND DEJEAN.

Where an administrator placed upon the tableau, as privileged, a judgment which had been obtained on a prescribed note in a suit in which the prescription had not been pleaded, a mortgagee whose claim existed at the time the prescription accrued, may set it up against the judgment creditor.

It is not necessary to re-inscribe a mortgage, where the property has been sold at a succession sale and the proceeds reduced to possession.

The administrator had placed F. upon the tableau as a mortgage creditor, but ascertaining that the judgment was obtained on a prescribed note, moved for leave to strike off the claim. *By the Court:* The insolvent had an undoubted right to waive prescription; and after it had accrued, the natural obligation which remained was a sufficient consideration for the subsequent promise to pay. The judgment obtained on that promise is binding.

APPEAL from the District Court, Parish of St. Landry, *Overton, J. Lataste*, for administrator, and *Swayzé*, and *W. B. Lewis*, for *Dupré. Linton*, for himself. *King & Linton*, for *F. Dejean*.

ROST, J. The judgment, under which the opponent *Felix Déjean* claims the first mortgage on the shares of the property of the deceased, coming to *Auguste Antoine* and *Evariste Déjean*, was obtained on a prescribed note and the claim of *Lastie Dupré*, the other mortgage creditor of the same parties who opposed him, existed at the time the prescription accrued; the judgment in favor of *Felix Déjean* was rendered by default, and the waiver of prescrip-tion by the makers of the note is a matter of record; under that state of facts the waiver of prescription does not affect the right of *Dupré*, who was not a party to the proceeding, to plead it in the *concourso*. The mortgage in favor

of *Déjean,* resulting from his judgment, can only take effect after the other is
satisfied. *Felix Déjean* has made the point that *Dupré's* mortgage, which was
recorded in 1839, has lost its rank for want of re-inscription.

Under our peculiar jurisprudence that a succession sale extinguishes all
mortgages existing on the property in the name of the deceased; there are few
cases in which a re-inscription would be necessary, after such a sale. In this
case, however, the proceeds of the sale appear to have been reduced to posses-
sion in 1847, long before the expiration of ten years from the date of the origi-
nal inscription, and no reinscription was necessary. See *Shepherd* v. *Orleans
Cotton Press Company,* 2d An. 110, and the authorities there cited.

The administrator had placed *Felix Déjean* on the tableau as a mortgage
creditor of the insolvents *Antoine, Auguste* and *Evariste Déjean,* when he dis-
covered, in the course of the proceedings in *concourso,* that the judgment of
*Déjean* had been obtained upon a prescribed note—he moved the Court for
leave to amend the tableau by striking off that claim from it. The Court hav-
ing over-ruled the motion, he took a bill of exceptions, and has brought the
case before us by an appeal.

We are of opinion the Court did not err. *Antoine, Evariste* and *Auguste
Déjean* had an undoubted right to waive prescription, and after it accrued the
natural obligation which remained was a sufficient consideration for their sub-
sequent promise to pay. The judgment obtained upon that promise is binding
upon them, but can only be enforced after the claim of *Dupré* is satisfied.

It is, therefore, ordered that the judgment be affirmed, with costs.