## No. 9334.

D. M. GIDDENS, EXECUTOR VS. MADISON MOBLEY ET ALS.—JOHN CHAFFE & SONS INTERVENORS.

All persons who have an interest in acquiring an estate by prescription have a right to make the plea, even though they from whom they derive title should renounce it.

One not a par. y to a suit as defendant, whose interest is threatened or attacked by a plaintiff, may intervene and plead prescription.

If a defendant. who has pleaded prescription in the court below, withdraws his plea in the Supreme Court and prays an affirmance of the judgment which was against him, and an intervenor who has acquired that defendant's rights has pleaded or then pleads prescription, his plea will be maintained if it appear that the defendant's plea would have been maintained.

APPEAL from the Fourth District Court Parish of Red River. *Logan*, J.

*M. S. Jones* and *J. D. Roach*, and *Kennard, Howe & Prentiss* for Plaintiff and Appellant.

*L. B. Watkins, S. A. Hull* and *J. F. Pierson* for Defendants and Appellees.

---

ON REHEARING AS TO SOME OF THE DEFENDANTS AND THE INTERVENORS.

The opinion of the Court was delivered by

MANNING, J. The facts of this case are stated in our opinion on the first hearing. Giddens v. Mobley, 37 Ann. 417. For reasons given on the application for rehearing we adhered to our original opinion as to all the defendants except those therein mentioned and granted the re-

hearing as to them. We granted it to the intervenors of our own motion and for their protection. There remains for examination these matters alone.

Larkin Edwards had not answered nor pleaded prescription. That part of the land which was claimed by him is embraced in the Rees part of the tract. While Rees was owner of it he mortgaged it to P. S. Wiltz in May 1879 and this is the mortgage acquired by John Chaffe & Sons. Larkin Edwards bought his part after that mortgage had been placed on it and of course burdened by it. The mortgage contained the fact *de non alienando*. When the Chaffes foreclosed and bought the whole land covered by their mortgage, they acquired Larkin Edwards' part, and they have pleaded the prescription of ten years. They can plead it. All persons who have an interest in acquiring an estate by prescription have a right to make the plea even though they from whom they derive title should renounce it. art. 3466 Rev. Civ. Code. Blanchard v. Decuir, 8 Ann. 504. And an intervenor whose interest is to defeat the plaintiff's claim may plead it as well as a defendant. Canal Bank v. Beard, 16 Ann. 345. And as we have maintained that plea as to other defendants, the maintenance of it now for the intervenors assures to them the land embraced in their title.

B. F. Jones' succession did answer and pleaded prescription, but the plaintiffs insisted that the lands claimed by that succession are not all included in the tax-deed. Then our decree will not affect those outside of it. The plaintiff's suit had for its object the annulment of a tax-sale, and could therefore have no relation to lands not sold for taxes nor claimed in their petition, and our decree could go no further than the demand.

Madison Mobley and T. H. Hamilton were two of the purchasers at the tax-sale and pleaded prescription in the lower court, but in this court they withdrew their plea and prayed the affirmance of the judgment below. They had sold their lands and had been paid, but the lands thus sold by them came into Rees' possession and were a part of those mortgaged by him and ultimately bought by the intervenors, whose plea of prescription protects them and prevents the success of that arrangement whereby these two defendants were to pocket their gains to the detriment of the intervenors.

Mrs. Lisso was not represented by Messieurs Watkins and Hull but by J. F. Pierson Esq. who pleaded prescription for her, and as this plea was sustained by us she is protected by it. Therefore

It is ordered and decreed that our first decree reversing the judgment of the lower court and giving judgment in favor of these defendants sustaining their plea of prescription and quieting them in possession and ownership of the land and against the plaintiff for their costs in both courts is adhered to and maintained. And it is further ordered and decreed that our first judgment dismissing the interventions at the cost of the intervenors is avoided and set aside, and that said intervenors now have judgment against the plaintiff sustaining their plea of prescription of ten years and quieting them in the possession and ownership of the land described in their deed, and for their costs in both courts.