## No. 12,847.

## C. B. JONES ET AL VS. LAURA JONES ET ALS.

### SYLLABUS.

1. The familiar rule of evidence that parol testimony is inadmissible to affect, alter, or change title to immovable property is given interesting application herein.

2. Likewise the rule of law relating to the prescription of tax titles and acts of sale translative of property, and relating to estoppels by conduct as affecting minors after becoming of age.

3. Any creditor having an interest that prescription should be acquired by his debtor may plead it.

Jones et al. vs. Jones et als.

ON APPEAL from the Eighth Judicial District Court for the Parish of Concordia, transferred from the Parish of Catahoula. *Dagg, J.*

*Lazarus, Moore & Luce* for Plaintiffs, Appellants.

*Elam & Dale* for Defendants, Appellees.

Argued and submitted June 4, 1898.
Opinion handed down June 24, 1898.
Rehearing refused March 7, 1899.

The opinion of the court was delivered by

BLANCHARD, J. In August, 1889, Mrs. Laura Jones, widow of Charles Jones, deceased, contracted a loan of thirteen thousand dollars from the Union Mortgage Banking and Trust Company, Limited, for which she executed her several promissory notes and to secure payment thereof mortgaged, by public, authentic act, the lands, with improvements, farming implements, etc., constituting the "Elmly" plantation, situated on Black River in the Parish of Catahoula, and containing 2705.69 acres, more or less.

The earlier interest notes appear to have been paid, but there was default in the payment of the later ones, as well as in the one covering the principal of the indebtedness ($13,000.00), which matured August 14, 1894.

The Mortgage Company took out executory process to enforce its mortgage rights.

The sale of the property was arrested by injunction invoked by the mortgagor on grounds setting forth both the nullity of the mortgage, and the informality and illegality of the foreclosure proceedings.

The trial of this injunction suit resulted in a judgment in favor of the defendants, rejecting plaintiffs' demand, dissolving the writ and directing the sheriff to proceed with the execution of the writ of seizure and sale.

No appeal appears to have been taken from this decree.

The sheriff proceeded with the execution and readvertised the property for sale on January 2, 1897, when he was again arrested by injunction, sued out by C. B. Jones and F. S. Jones, plaintiffs herein.

They are sons of Mrs. Laura Jones by her marriage with Charles Jones, and alleging themselves to be forced heirs of the latter, claim that his interest in the property was never legally divested, and that at the time their mother contracted the mortgage under which the Elmly plantation was seized, they (plaintiffs) were, as heirs aforesaid of their father, owners of an undivided one-half interest in the property, and, hence, their right to arrest the sale by injunction.

We condense from their petition the case of these plaintiffs, as follows:

Charles Jones died in Catahoula parish in 1870, leaving an estate valued at more than thirty thousand dollars; his succession was opened and a paper purporting to be a last will and testament in olographic form was admitted to probate, R. H. Cuney recognized and confirmed as executor thereunder and placed in possession of the succession property; an inventory and appraisement was made, but the same has disappeared and no record thereof can be found in the clerk's office; Mrs. Laura Jones, their mother, was, in April, 1870, confirmed as natural tutrix of plaintiffs, they being minors at that date, and R. H. Cuney was appointed under-tutor, though it is denied that he ever took the oath of office as such, and it is charged that the tutrix failed to cause an inventory of their property to be taken and recorded as required by law and because of this neglect her appointment became null and void. That in October, 1870, their mother, acting as agent and attorney in fact of Rosa and Ella Jones, major heirs of Charles Jones, and in her pretended capacity as natural tutrix of plaintiffs, instituted suit against Cuney, executor, attacking the will of Charles Jones as void, and praying to be placed in possession of the property of his estate in her said capacity as agent and tutrix; that this suit resulted in the validity of the will being maintained, but declaring that by its terms the seizin of the estate did not vest in the executor, who was ordered to deliver over to Mrs. Jones, as agent and tutrix, all of the succession property; that their mother, pursuant to said decree, took possession and control of the property, to-wit: the Elmly plantation and its appurtenances; and that, in consequence, though not lawfully qualified as tutrix, she became subject to all the obligations as such and as *negotiorum gestor*. That in April, 1871, their said mother, in her own name and right, instituted suit against Cuney in his capacity as executor of Charles Jones, deceased, and as under-tutor of plaintiffs, and against Rosa and Ella Jones, major

heirs of Charles Jones, in which she prayed to be recognized as sole owner of the Elmly plantation and for the setting aside and revocation of all acts and things that had been done militating against her claim of ownership; that in this suit the court decreed a certain judgment of separation of property rendered in the Fifth District Court of New Orleans in March, 1849, between Laura and Charles Jones, dissolving the community between them, to be void; also that the sale of an undivided half interest of said Elmly plantation under said judgment, at which Mrs. Jones became the purchaser, was likewise void, and that the subsequent acquisition by her from William Dunbar (co-owner), of the remaining half of the plantation was a community acquisition; also that the sheriff's sale, in March, 1860, at which Charles Jones acquired title to the Elmly plantation, which had been seized in satisfaction of a judgment obtained at the suit of Lallande against Mrs. Laura Jones, was void; and lastly, the court decreed that the original sheriff's deed to Mrs. Jones of an undivided half of the property should stand as a *dation en paiement* and the other half be recognized as the property of Charles Jones.

That so far as they (plaintiffs herein) are concerned, the judgment in the suit last mentioned is void for the reason that Cuney, who was cited to represent them therein as under-tutor, was not such because never qualified, and that all acts done by him as under-tutor and by their mother as tutrix are void absolutely, because of said want of qualification in the one case, and of want of registry of extract of inventory in the mortgage book, in the other case.

That their mother is estopped from pleading the nullity of the judgment rendered by the New Orleans court decreeing her separate in property from their father and dissolving the community, and that the Elmly plantation, having been lawfully acquired at sheriff's sale, in execution of a judgment against her. the same was, at the death of their father, his separate property and descended to his heirs in full fee simple. That the purchase of the property at tax sale in November, 1872, by C. J. Boatner was for account of Mrs. Laura Jones as the agent of the major and tutrix of the minor heirs of Charles Jones, and this was, later, shown by the transfer of the title by Boatner to Mrs. Jones; and, further, that the tax adjudication to Boatner was, anyway, void because of want of previous demand for payment of the taxes, and because of insufficiency of description to support the sale of the property. That the transfer of the title by Boatner to Mrs.

Jones was void because at the time she was acting as the tutrix and legal representative of plaintiffs and, though she had failed to qualify according to law, was disqualified and incapable of acquiring an adverse interest in property belonging to them. That while C. B. Jones, one of plaintiffs, did in December, 1872, sell and convey to his mother his interest in the property, the deed was void for want of consideration, and, further, because said Jones was under age at the time and under the control and tutelage of his said mother and tutrix, and it was only recently that he was made aware of his incapacity to dispose of the property.

The Mortgage Company, the sheriff, and Mrs. Jones are made parties defendant and the prayer is that the judgment rendered in November, 1891,, in the suit of Mrs. Jones against Cuney, executor and under-tutor, and others, be decreed void so far as the same affects them (plaintiffs); that the Elmly plantation be decreed to have been the separate estate of Charles Jones and to have descended as such to plaintiffs as his forced heirs, to the extent of an undivided one-half thereof; that the tax sale to Boatner, the conveyance from him to Mrs. Jones, and the pretended sale by C. B. Jones to her. be all declared void; and that the injunction against the sale under the foreclosure proceedings be perpetuated, etc.

The Mortgage Company make answer denying that plaintiffs own any part of the Elmly plantation, aver the same to be the property of Mrs. Jones; that she was decreed owner of an undivided half thereof by judgment rendered in November, 1871, in her suit against Cuney as executor and under-tutor; that in October, 1872, she purchased the interest of Rosa and Ella Jones (her daughters) in the property; that in December, 1872, she purchased the interest of C. B. Jones (her son) in the same; that in November, 1872, the tax collector sold and adjudicated all of the interest of the estate of Charles Jones in the plantation at tax sale to C. J. Boatner after full compliance with all legal requirements, which title was subsequently duly confirmed to and in said Boatner by the Auditor of the State, after expiration of the redemption period, that the Auditor's deed had the effect of making absolute and perfect the title of said Boatner, and that all parties are forever estopped from contesting its validity, which estoppel is specially pleaded against plaintiffs in injunction; that in February, 1875, Boatner conveyed the Elmly plantation for good and sufficient consideration, to Mrs. Jones, by conveyance valid in form and translative-

of the property; that all of the several transfers, acts of sale and con-veyances were duly and seasonably recorded in the conveyance records of the parish where the plantation was situated; that both plaintiffs knew at the time of this purchase and made no objection thereto, and have since made none until now; that their mother, ever since her purchases as hereinbefore set forth, has been in the actual possession of the property as owner, resided thereon in that capacity, and the same has been, ever since the purchase from Boatner, assessed for tax-ation solely in her name, and her possession has been open, constant, and peaceable as owner for more than twenty years to the knowledge and with the acquiescence of plaintiffs, who have permitted her to deal with the public generally as owner, and are thereby estopped from as-serting any claim as owners thereof; and that as such owner, Mrs. Jones executed the mortgage to the respondent company to secure the large sum of money borrowed by her, which she received and used. Alleging the validity of the tax sale to Boatner and 'that of all of the other titles by which Mrs. Jones acquired and holds the plantation, they plead the prescriptions of one, two, three, five and ten years against any right of plaintiffs in injunction to bring any action at all to set aside the tax sale, or disturb the same on account of any alleged informality, irregularity or nullity. But if the tax sale be not valid, reserving all legal rights, they plead in the alternative the validity and binding force of the judgment rendered in November, 1871, in the suit of Mrs. Jones against Cuney, executor and under-tutor, and others, and interpose the same prescriptions against any action to annul same, as well as the plea of *res adjudicata*. They plead the same prescriptions against all demands of C. B. Jones to question or annul the conveyance made by him to his mother. In the event the judg-ment in the suit of Mrs. Jones against Cuney, executor, etc., afore-said, be not maintained as valid, they ask that all rights be reserved to them (respondent company) to show that the alleged and pretended purchase by Charles Jones of the property under the judgment rendered in the suit of Lallande vs. Mrs. Jones was null and void and did not divest the ownership of Mrs. Jones in the property. They set-up that the mortgage company has paid the taxes due upon the pro-perty for the last several years and took subrogation of the State's rights; that plaintiffs have never exercised any ownership of the pro-perty; that their claims now set up are pretended and fictitious, as-serted merely for the purpose of gaining time on this indebtedness for

their mother, whose prior injunction of the sale of the property under the mortgage had been dissolved. Reserving the right to sue upon the injunction bond for damages, respondent company pray for rejection of the demand of the plaintiffs, that Mrs. Jones be decreed the legal owner of the property, that the injunction be dissolved, the company's mortgage recognized and the sale thereunder to satisfy the indebtedness be allowed to proceed.

No answer was filed by the other defendant, Mrs. Laura Jones.

Upon the issues presented by the answer of the Mortgage Company, judgment was rendered rejecting the demand of plaintiffs, dissolving the injunction and ordering the sheriff to proceed with the execution of the writ.

Plaintiffs appeal.

It is not disputed that from the date of her purchase from C. J. Boatner, Mrs. Jones had actual possession as owner of the plantation up to the time it was seized by the sheriff under the foreclosure proceedings instituted by the Mortgage Company, and cultivated it during the time of this possession for her own account. It also appears that she paid all the taxes on the property, except those paid by the Mortgage Company, and that the plaintiffs never had possession of the plantation, never enjoyed any of its revenues, were never held or considered during this time as owners of any part thereof, no taxes therefor were ever assessed in their name and they never paid any taxes. It is in evidence that C. B. Jones was born on December 24, 1852, and F. S. Jones on February 5, 1860. So that when the former sold his interest in the Elmly plantation to his mother on the 5th of December, 1872, he had not reached his majority by about one year. He became of age, however, on December 24, 1873, and from that date to the time of the filing of this suit twenty-three years had elapsed, during all of which time he remained in quiet acquiescence in the sale he had made to his mother. He was at the time of the conveyance temporarily sojourning in Europe. He never returned to the plantation and has never asserted any ownership in it until now. He permitted his act of sale to his mother to stand of record unchallenged. It was in terms sufficient to convey the property, and set forth a valuable consideration, which the evidence sustains. There was nothing in the act to indicate he was not twenty-one years of age when he executed it. At the time C. J. Boatner conveyed the property to Mrs. Jones, after his purchase of it at tax sale, C. B. Jones was more than

twenty-one years of age. His mother was no longer his tutrix then, and over twenty years had elapsed from the date of that sale to the filing of this suit, during all of which time he questioned neither the tax title acquired by Boatner nor the conveyance made by the latter to his mother.

Under these circumstances there can be no doubt of the applicability as to him of the prescriptions invoked by the Mortgage Company. C. C. 3542; 47 A. 1042; 3 A. 328. He is without color of title to any interest whatever in the property.

F. S. Jones was fifteen years of age when Boatner conveyed the property to Mrs. Jones. But he became of age on February 5, 1881, and from that time down to the filing of this suit, a period of nearly sixteen years, he took no steps to contest the title Boatner had acquired at the tax sale, nor the conveyance he made of the property to Mrs. Jones. The tax colector's deed to Boatner states that twenty days' written notice to pay the taxes assessed against the property, was given both to R. H. Cuney, executor of the estate of Charles Jones, and to Laura Jones, as agent of the major heirs of the said Jones, and as tutrix of his minor children, and said parties having failed to pay the same within the legal delays, he proceeded to seize, advertise for sale and sell the property, to-wit: the Elmly plantation, describing it by legal subdivisions, assessed as the property of the estate of Charles Jones, deceased, and the same was adjudicated to said Boatner, who was the last and highest bidder, and to whom formal transfer and conveyance of the property was made and recorded. There is nothing whatever in the act of sale to indicate that Boatner was purchasing for any other than himself. And when the Auditor of the State came to confirm the sale, which he did on the 10th of Mrach, 1875, two years and four months after Boatner's purchase at the tax offering, he did so by formal act fully and absolutely conveying the property to him, his heirs and assigns forever—no mention being made that he had acted for any one else in purchasing at the tax sale.

It is true that just before the Auditor acted, to-wit: on the 2nd of February, 1875, Boatner had executed an act of sale of the property to Mrs. Jones, so that the Auditor's confirmation of his title enured to her benefit. In his sale to Mrs. Jones it is recited that he sells, transfers and delivers to her all his right, title and interest in and to the property, describing it fully, not warranting the title, but selling such title as he had for the consideration of twelve hundred and fifty

dollars acknowledged to have been received: Again is no mention made of his having bought the property originally for any one other than himself. This sale was not merely a quit-claim deed. While warranty was excluded, it was a formal conveyance amply sufficient in terms to transfer the property as from one owner to another. While it was an act under private signature it was duly acknowledged before the Recorder of the parish and admitted to registry in the conveyance records. Called as a witness for plaintiffs, Mr. Boatner testified that in the purchase of the Elmly plantation at tax sale he acted as the agent of Mrs. Jones and her children, that the taxes were paid out of the proceeds of the sale of succession property, and that in transferring the plantation to Mrs. Jones he received no other consideration than the ratification by her individually and as agent of the succession property he had sold to obtain funds to pay the taxes.

Seasonable objection to this testimony was made on behalf of the Mortgage Company on the familiar ground that parol evidence is inadmissible to affect, alter or change title to immovable property; that written evidence only can be received to affect the ownership of such property; and that the rights of defendant company could not be jeopardized by such testimony. The objection being overruled, exception was made and a bill reserved.

There was error in this ruling. The testimony should not have been received as against defendant company, and we can permit no effect to be given to it. There is nothing in the record to impugn the regularity and legality of the tax sale to Boatner. It must stand as a valid acquisition of the property by him. Constitution of 1868, Art. 118. It divested whatever title or interest the estate of Charles Jones and his heirs had in the Elmly plantation, and the prescriptions invoked by the Mortgage Company in aid of the tax title must be sustained as against both plaintiffs. Barrow vs. Wilson, 39 La. Ann. 409; 42 A. 918; 41 A. 816, 415; C. C. 3543. Any creditor having an interest that prescription should be acquired by his debtor may plead it. C. C. 3466; Giddens vs. Mobley, 37 La. Ann. 900; 1 La. Ann. 330; 6 La. Ann. 342.

As to the contention of F. S. Jones that his mother's purchase from Boatner must be considered as having been made for, and enuring to his benefit, to the extent of his interest as heir, since she was holding at the time the capacity of tutrix to him and therefore could not acquire an interest adverse to him, if it have any force at all it can

be asserted only as against her in a contest between them.  See. C. C. 1146; Bland vs. Lloyd, 24 La. Ann. 603; Pagett vs. Curtis, 15 La. Ann. 451; Carter vs. McManus, 15 La. Ann. 641.  It can not be held to have any force or effect as against the Mortgage Company, who acted on the faith of the public records, which showed title in Mrs. Jones alone. F. S. Jones, by permitting her title from Boatner to remain of record unchallenged for years after he had reached his majority and after his mother had ceased to be his tutrix, is estopped to assert an interest antagonistic to those who had acted on conditions he himself con-tributed to bring about.  32 A. 420; 47 A. 49; 48 A. 1160; 34 A. 1017.

Judgment affirmed.