## TERRAL v. JONES et al.
### No. 4953.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1935.

For former opinion, see 160 So. 315.

Elder & Elder, of Ruston, for appellant.

Bergeron & Rabun, of Farmerville, and Robt. J. O'Neal, of Shreveport, for appellees.

TALIAFERRO, Judge.

Appeal in this case is prosecuted by plaintiff from a judgment of the lower court sustaining an exception of no cause or right of action and dismissing his suit. This ruling of the court a quo was made after the case had been tried on its merits and submitted for decision. After a thorough examination of the record and a studious consideration of the case, we found ourselves not in accord

with the judgment appealed from, and therefore overruled the exception, reversed the judgment, and remanded the case for further proceedings, overlooking at the time the fact that a trial had been had on the merits of the case and that the completed record had been lodged here. Rehearing was granted on the application of plaintiff, who called our attention to the fact that the record before us is in such condition that the case may and should be approached by us with the view of rendering final decree therein, as directed by articles 905 and 906 of the Code of Practice, and as enunciated in State v. North Louisiana & Texas Railway Co., 34 La. Ann. 947, 951, and Lumpkin v. Reiser Machine Shops, 120 La. 597, 45 So. 518. Rehearing was granted for that purpose.

The petition, to a large extent, is quoted verbatim in our original opinion, 160 So. 315. The issues are not fully covered thereby, for the reason that it was not necessary to do so, as we only considered the exception of no cause and no right of action, the merits of which were determinable from the allegations of the petition. We shall now, as briefly as the circumstances warrant, give the facts forming the background of the litigation, the issues reflected by the pleadings, and the positions taken by the parties to the suit, and render such decree as the case warrants.

H. Alvie Jones, a defendant, purchased the 80-acre tract of land described in the petition, on October 26, 1925, from Mrs. Robert Auger, and two days thereafter made deed of same to J. M. Moton, defendant, for the recited price of $2,000 cash; on the day of this deed, Moton gave a special mortgage on the land to secure payment of his note of $2,000, drawn to his own order and by him indorsed in blank, and due October 28, 1926. This note was at that time delivered to H. Alvie Jones. These deeds and the mortgage were promptly recorded. On November 24, 1929, Moton conveyed the land to Cortez Jones, son of H. Alvie Jones, for a recited cash price of $1,500, and three days thereafter (November 27th), Cortez Jones executed a special mortgage thereon to secure payment of his own note of $880, drawn to his order and by him indorsed, payable November 1, 1930. This note was acquired by plaintiff, Tom F. Terral, for valuable consideration, in good faith and before maturity, without any knowledge of the prior registry of the mortgage ostensibly given by Moton to secure his $2,000 note. Terral thereafter, in the year 1932, instituted foreclosure proceedings on the note and discovered from a mortgage certificate, the day the property was to be sold by the sheriff, the registry of said $2,000 mortgage. The sale was called off and efforts then made to induce H. Alvie Jones to agree to a cancellation of the mortgage given by Moton; it appearing that the note had been lost or destroyed. He at first consented to do so, but afterward declined. However, defendant Henry McCormick, or some one for him, inserted in a local newspaper, during the year 1925, a notice to the effect that he owned the Moton $2,000 note, that it had been lost or destroyed, and he therein warned the public not to "trade" for it. This notice seemingly was published after H. Alvie Jones' home had been destroyed by fire, and the note was evidently burned therein. Notwithstanding the publication of this notice in 1925, McCormick, under cross-examination, stated that he acquired ownership of the note from Jones in the year 1928 or 1929, at which time he admits it had been previously lost or destroyed by fire while in the possession of Jones. He admits he never saw the note at all.

The present suit against Moton, H. Alvie Jones, Cortez Jones, and Henry McCormick, to have the $2,000 note and mortgage supposedly given to secure same erased from the records and decreed to be simulations, etc., was filed December 29, 1933. On January 15th following, McCormick instituted foreclosure proceedings via ordinaria against Moton on the $2,000 lost or destroyed mortgage note, wherein he alleged he was the owner thereof, and that he acquired same for valuable consideration, but does not allege that his ownership originated before the note's maturity, as was impliedly stated in the advertisement of its loss or destruction in 1925. Moton confessed judgment for the full amount of the note, less $160 paid thereon, October 1, 1928. Judgment was rendered as prayed for on the confession on January 15, 1934.

The two Jones and McCormick made a general denial of the allegations of plaintiff's petition and specially aver that said $2,000 note was executed by Moton to represent the purchase price of the land described in the mortgage given to secure its payment, and therefore was and is a valid and subsisting obligation of said Moton, and was duly registered when Terral took the mortgage from Cortez Jones. They further deny: "* * * That plaintiff has any right or cause of action to plead any prescription of a note of Jesse M. Moton, as such a right is personal to him and they aver that all of this matter has been settled in the suit of Henry McCormick v. Jesse M. Moton, No. ——— on the docket of this court."

Defendant Moton, while admitting that he signed the $2,000 note and mortgage ostensibly given to secure same, admits that the whole transaction was a simulation, and that he loaned himself to it to assist H. Alvie Jones and for his convenience and accommodation; that he did not intend to purchase the land, and Jones did not intend to sell it to him; that Jones was then, and continued without interruption to remain, in possession thereof, cultivated and improved it, collected all rents therefrom, and paid all taxes thereon as they annually accrued. And here it may not be amiss to interject that these allegations of fact are abundantly sustained by uncontradicted testimony in the case. Moton further denies that he made any payment on said note to Jones or McCormick and had no reason to do so. He admits signing the confession of judgment in favor of McCormick, but avers that he did so in ignorance of the true nature of the papers presented to him and, as he had done previously, at the urging of H. Alvie Jones and out of a willingness to be of assistance to him. Other averments of fact are made by him, but it is unnecessary to here recount them, in view of the conclusions reached by us.

### Plea of Five Years' Prescription

This plea was interposed by plaintiff against the Moton note sought to be enforced against the mortgage held by him. Jones and McCormick contend that such a plea, if it had merit, could only be made by Moton, maker of the note, it being personal to him, and that he had confessed judgment thereon. This contention of defendants is without merit. We think the plea well founded.

We do not think Moton made any payment on the $2,000 note. There is no reason whatever for him doing so; but whether he did so or not is not of great importance now. The alleged payment, if made, was made on October 1, 1928. He confessed judgment on the note and mortgage on December 23, 1933, or nearly three months after the note had prescribed. The suit on the confession of judgment was not filed until January 15, 1934.

The acknowledgment by Moton of the note after prescription had attached, or its reissuance by him, did not revive or restore life to the accessory obligation of mortgage, which expired the moment the note was extinguished by prescription. There can be no accessory obligation without a live principal obligation. Civil Code, art. 3285; Succession of Le Besque, 139 La. 1087, 72 So. 745; Mente & Co. v. Levy, 160 La. 496, 107 So. 318.

In such case the plea may be invoked by a third party vested with an interest to be affected by the outcome of the issue, and this too even though the maker may have renounced prescription. Article 3466 is unambiguous on the question: *"Creditors and other persons—Right to plead for one renouncing right.*—Creditors and all other persons, who may have an interest in the acquiring of an estate, or the extinguishment of an obligation by prescription, shall have the right to plead it, even in case the person claiming such estate, or bound by such obligation, should renounce such right of prescription."

In Larthet v. Hogan, 1 La. Ann. 330, it was held: "Where notes secured by mortgage have been prescribed, the creditors of the mortgagor may claim the benefit of the prescription. C. C., 3429. Nor can any rights acquired by the creditors by the completion of the prescription, be affected by a subsequent acknowledgment of the debt by the debtor."

This doctrine has been reaffirmed in Flaspoller et al. v. Siess, 6 La. App. 827; Girod v. His Creditors, 2 La. Ann. 546; Blanchard v. Decuir, 8 La. Ann. 504; Viala et al. v. Burguieres, 19 La. Ann. 149; Jones v Jones, 51 La. Ann. 636, 25 So. 368.

McDaniel v. Lalanne, 28 La. Ann. 661, fits the facts of the case at bar perfectly. In that case it was held, as appears from the syllabus, that:

"It is impossible to see why a third possessor of mortgaged property should not plead prescription against the mortgage note, although a judgment has been rendered on the note against the debtor. He was no party to the suit, and his rights were not affected by the judgment.

"If the mortgage note was prescribed when the suit against the debtor was instituted, the mortgage was dead; for the accessory obligation perishes with the prescription of the principal obligation, and it was not in the power of the debtor or of the court to revive the mortgage affecting property in the hands of third persons."

For the reasons assigned, the judgment heretofore rendered herein by us which reversed that of the lower court, appealed from, and overruled the exception of no cause and no right of action, is reinstated and made final, so far as regards the question of whether plaintiff's petition discloses a cause or right of action; and it is further adjudged and decreed that the plea of prescrip-

tion filed by plaintiff be, and it is hereby, sustained, and the mortgage to him by Cortez Jones is hereby recognized and decreed to be superior in rank, as regards the land described therein, to the judgment rendered in the suit No. 10055 of Henry McCormick v. J. M. Moton, on the docket of the Third judicial district court in and for the parish of Union, and that from the proceeds of a sale of said property under the mortgage held by plaintiff he be paid by preference and priority the full amount of his mortgage debt, principal, interest, and attorney's fees, in preference to the judgment held by said McCormick against J. M. Moton, above described, that defendants, excepting Moton, pay all costs of this suit.