(45 South. 518.)

No. 16,629.

LUMPKIN v. REISER MACHINE SHOPS.

(Jan. 9, 1908. Rehearing Denied Feb. 3, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—PLEADING—CAUSE OF EXPLOSION.

A petition which, in setting forth the cause of an explosion by which the plaintiff was injured, alleges that an iron casting containing a cavity in which there was some "water, liquid, or other substance" was subjected to great heat without a vent having been provided for the escape of any "steam, gases, or superheated air" that might be generated, is not demurrable as not stating with sufficient certainty what was the nature of the particular liquid or substance by whose presence in the cavity the explosion was caused.

2. APPEAL—DECISION.

Where the case has been fully tried, and all the evidence is in the record, Code Prac. art. 905 requires that this court, if it sets aside the judgment rendered below, shall proceed and render such a judgment as should have been there rendered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4573–4586.]

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Action by Roland L. Lumpkin against the Reiser Machine Shops. Judgment for plaintiff, and defendant appeals. Amended, and affirmed.

Paul Ambrose Sompayrac and Mitchell & Young (Charles Payne Fenner and Samuel Henderson, Jr., of counsel), for appellant. Gorham & Gorham, for appellee.

PROVOSTY, J. Plaintiff was a workman in the machine shops of defendant. He and another workman were assigned to keeping up a fire under a heavy piece of iron casting, the impeller of a pump, for the purpose of expanding the casting to facilitate the removal of the shaft of the impeller. The casting exploded and injured plaintiff. The flying pieces so injured his leg that it had to be amputated above the knee, and so injured the middle finger of his left hand that it had to be amputated, and so injured the wrist and bones above the wrist of his left arm that he can now hardly be said to have the use of them. He was 26 years old and in perfect health, and earned the wages of an ordinary unskilled laborer. He claims $26,000. The jury allowed him $3,000. The appeal is by defendant; and plaintiff has answered, praying an increase to the amount claimed in the petition.

An exception of no cause of action was filed and was overruled. Defendant insists that it should have been sustained. It is based on the supposed vagueness of the petition in alleging the cause of the explosion. The allegation is that the impeller had lain in water, and had a cavity in it into which water might have entered, and that the defendant—

"failed to take the necessary steps, or to use ordinary precaution to ascertain whether there was not any water, liquid, or other substance in said impeller before ordering your petitioner to subject the same to said great and continuous heat as aforesaid; nor did defendant company bore, or cause to be bored or drilled, a vent hole or aperture into the cavity of said impeller before requiring your petitioner to heat the same as aforesaid, in order that steam, gases, or superheated air caused by said intense and continuous heat might escape therefrom and thereby avoided all danger of explosion."

The contention is that the petition does not allege the cause of the explosion; that it does not allege that the explosion was caused by water, liquid, or any substance in the impeller; that plaintiff has merely pleaded a conjecture.

As we understand this contention, it is that plaintiff should have specified the kind of liquid or other substance whose presence in the cavity caused the explosion. This we think was wholly unnecessary. It sufficed to allege that a liquid or substance of some kind in the cavity had caused the accident, and that this result would have been avoided if defendant had not negligently failed to provide a vent for the escape of said substance under the action of the applied heat.

Defendant next contends that another trial should be ordered because counsel for plaintiff in their argument to the jury sought to make it appear that the real defendant in the case was some insurance company that had insured the defendant against such suits as the present one, when all evidence on that point had been ruled out on the trial.

Counsel for plaintiff was stopped in his said argument, and the jury was duly instructed to disregard the argument. But, even if it had been otherwise, there would not be good ground for sending the case back for another trial, since Code Prac. art. 905, requires that, when a case has been fully tried, this court, if it sets aside the judgment entered below, must proceed to render such judgment in the case as, in its opinion, should have been rendered below.

On the merits we think the case is clearly with plaintiff. The testimony of the several experts examined in the case leaves no room for doubt that it was gross negligence on the part of defendant to have applied heat to this casting in the manner that was done without having first provided a hole for the escape of whatever steam or gases might be generated in the cavity. In fact, the defendant should not have needed any experts to warn them of this danger. Plain common sense ought to have sufficed.

We think the verdict is too small, and should be increased to $5,000.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be increased to $5,000, and that, as thus amended, it be affirmed, with costs in both courts.