No. 2613

Second Circuit

## LOUISIANA LOAN & INVESTMENT CORPORATION v. ST. JOHN

(May 7, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Pleading—Par. 62.**

When a petition discloses a cause of action as to any portion of the amount sued for, an exception of no cause of action should be overruled. Davis vs. Arkansas Southern Ry. Co., 117 La. 320, 41 South. 587.

2. **Louisiana Digest—Bills and Notes— Par. 193.**

Plaintiff in a suit on a promissory note, to which there is attached as collateral security thereto, a mortgage note, has no cause of action to ask that the property described in the mortgage securing the mortgage note be seized and sold to satisfy the judgment that might be rendered on the principal note.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Franklin, Hon. John R. McIntosh, Judge.

Action by Louisiana Loan and Investment Corporation against Harry A. St. John. There was judgment for plaintiff and defendant appealed. Judgment reversed in part.

George Gunby, of Monroe, attorney for plaintiff, appellee.

Thompson and Berry, of Winnsboro, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J.   Plaintiff sued defendant on a promissory note signed by him for $2500.00, dated March 1, 1922, drawn payable to the order of Louisiana Savings Bank & Trust Company sixty days after its date and by said company endorsed in blank, bearing interest at the rate of eight per cent per annum from its maturity until paid and stipulating for the payment of ten per cent on the amount of principal and interest as attorney's fees if placed in the hands of an attorney for collection, and acquired by the plaintiff from the payee in due course before maturity; subject to a credit of $650.00 paid May 30, 1923; and to which there was attached, as collateral security thereto, another note for $4,000.00, also signed by defendant. dated July 30, 1920, drawn payable to the maker's own order on July 30, 1921, and by him endorsed in blank, bearing interest at the rate of eight per cent per annum from its maturity until paid and stipulating payment of ten per cent on the amount of principal and interest as attorney's fees if placed in the hands of an attorney for collection, and is paraphed "Ne Varietur" by T. V. Berry, a Notary Public of Franklin parish, Louisiana, under date of July 30, 1920, to identify it with an act of mortgage of that date, a certified copy of which is attached to and made part of the petition, securing its payment, granted by defendant and his wife, Mrs. Golda St. John, who joined him therein for the purpose of waiving homestead exemptions, on lots 1, 2, 3, 4 and 5 of block 14, of the Landauer and Ellis addition to the town of Winns-

boro, Louisiana; which mortgage was filed for record August 25, 1920, and recorded September 13, 1920, in mortgage book 1 at page 607 of the mortgage records of Franklin parish.

It prayed for judgment against the defendant for $2500.00 with eight per cent per annum interest thereon from March 1, 1922, until paid, and ten per cent on the whole, as attorney's fees; less a credit of $650.00 as of May 30, 1923.

It also prayed that its pledge of the $4000.00 mortgage note be recognized; that the mortgage securing the payment of that note be rendered executory; that the property described therein be seized and sold according to law for the satisfaction of that note; that out of the proceeds of such sale it be paid, in preference to all other persons, the amount of the judgment to be rendered in its favor on the principal note.

It further prayed for "such further judgment as under the pleadings herein it is entitled to".

Defendant filed a plea of no cause of action which was overruled by the court.

He then filed a motion to require plaintiff to elect which cause of action it would prosecute, alleging that its petition presented two causes of action inconsistent with each other, one seeking judgment against him for the amount owing on the principal note and the other seeking, as pledgee, foreclosure of the mortgage securing the pledged note.   The court referred this motion to the merits.

Thereupon defendant answered alleging that defendant acquired the principal note' after its maturity; that he had paid to the payee therein named, plaintiff's trans-

ferror, 500.00 on the note in the summer of 1924, for which amount he was entitled to credit thereon; that in consideration of such payment plaintiff's transferror had extended the time for the payment of the note for one year from the date of such credit; and that therefore plaintiff's action was premature.

He prayed that the further prosecution of the suit be stayed until the expiration of the time granted him for the payment thereof and that he have credit on the note for the $500.00 as of the date of payment.

The District Court rendered judgment in favor of the plaintiff on the principal note for $2500.00 with eight per cent interest thereon from January 30, 1923, until paid, and ten per cent on the amount of the principal and interest, as attorney's fees, less a credit of $650.00 as of date May 30, 1923, and less, also, a further credit of $500.00 as of date December 8, 1923; and recognizing plaintiff's pledge of the $4000.00 mortgage note as security for the payment of the principal note, and rendering the mortgage securing the payment of the $4000.00 note executory and ordering the mortgaged property sold according to law for the satisfaction thereof and the payment of plaintiff's judgment out of the proceeds of such sale in preference to all other persons.

The defendant appealed.

Plaintiff filed in this court an answer to the appeal and asks that the judgment appealed from be affirmed, and, in the alternative, that it be given by this court such judgment as the pleadings and evidence entitle it to.

## OPINION

Defendant's exception of no cause of action was properly overruled, for the reason that plaintiff's petition expressed a cause of action on the principal note.

And the defendant's motion to require the plaintiff to elect might well have been overruled also, for as we understand the petition it only expresses a cause of action on the principal note and there was therefore no other cause of action expressed with which it might be inconsistent. However, referring the motion to the merits instead of overruling it in no wise prejudiced defendant.

It was admitted by the plaintiff on trial that after the petition in the suit had been drawn and forwarded to the Clerk of the District Court of Franklin parish for filing plaintiff had paid $500.00 on the principal note and was entitled to credit thereon as of date December 8, 1923, for that amount.

Defendant introduced no evidence in support of the allegation in his answer that he had been granted an extension of the time in which he had to pay the note.

The only issue between plaintiff and defendant is as to that part of the judgment appealed from rendering the mortgage securing the pledged note executory and ordering the mortgaged property seized and sold for the satisfaction of that note and the payment of the proceeds of the sale of the judgment in favor of plaintiff on the principal note.

In Ducasse vs. Keyser, 28 Ann. 419, the Supreme Court recognized the right of a pledgee to cumulate in one action a demand for the sale of the pledge with one for judgment for the debt to secure the payment of which the pledge was granted.

And in Freiler Mercantile Co. vs. Chaney, 146 La. 138; Fidelity & Deposit Co. vs. Johnson, 117 La. 880, that Article 3170 of

the Civil Code authorizes a pledgee as owner of the pledge to sue the pledgee direct to obtain the sale of the pledge for the satisfaction of the debt to secure which it was given.

But plaintiff did not sue to have the pledge sold to satisfy the pledge debt. It asked that the mortgage securing the payment of the pledged note be rendered executory and the mortgaged property seized and sold. We know of no law and have been cited to none authorizing it to do this. Inasmuch as have been cited to none authorizing it to be done.

However, as the plaintiff, both in its petition and in its answer to defendant's appeal, has asked that it be given such judgment as the pleadings and proof entitle it to if it be not entitled to that specifically prayed for by it and rendered by the lower court, under the authority of Code of Practice, Article 905, and the case of Lumkin vs. Reisor, 120 La. 597, 45 South. 518, we have authority to grant it the relief we think it is entitled to.

It is therefore ordered, adjudged and decreed that that portion of the judgment appealed from reading as follows, to-wit:

"It is therefore ordered, adjudged and decreed that there be judgment in favor of Louisiana Loan & Investment Corporation and against Harry A. St. John in the full sum of two thousand five hundred and 00-100 ($2500.00) dollars, together with eight per cent per annum interest from January 30, 1923, until paid, subject to a credit of $650.00 paid May 30, 1923, and an additional ten per cent of the above amount due as attorney's fees; subject to a further credit of $500.00 paid December 8, 1923"

be and the same is hereby affirmed.

It is further ordered, adjudged and decreed that that portion of the judgment appealed from reading as follows, to-wit:

"* * * and that said mortgage be and the same is hereby rendered executory; that the property be seized and sold and out of the proceeds therefrom plaintiff be paid the amount of the judgment herein rendered as well as the costs of court"

be and the same is hereby reversed.

And it is now ordered, adjudged and decreed that the right of pledge of the plaintiff on the $4000.00 note secured by the mortgage be and the same is hereby recognized and that the said note be seized and sold according to law for the satisfaction of the debt to secure the payment of which it was pledged and that out of the proceeds of such sale the plaintiff be paid, in preference to all other persons, the amount of the judgment in his favor against the defendant.

The defendant to pay the costs of the District Court in this suit, the plaintiff to pay the costs of this appeal.