No. ——

First Circuit

——

## CHAPMAN v. ROSELAND VENEER AND PACKAGE COMPANY, LTD.

——

(June 26, 1926, Opinion and Decree)

——

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 47.**

Under Article 529 of the Code of Practice no. replication or rejoinder is permitted under our practice.

2. **Louisiana Digest—Bills and Notes—Par. 201.**

Under Article 326 of the Code of Practice one who denies as a defense that the

endorsement is genuine is barred from every other defense when that signature is proven genuine.

Appeal from the parish of Tangipahoa, Hon. Columbus Reid, Judge.

Action by Clarence A. Chapman against Roseland Veneer and Package Company, Ltd. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

S. S. Reid, of Amite, attorney for plaintiff, appellant.

Purser and Magruder, of Amite, attorneys for defendant, appellee.

MOUTON, J.    Plaintiff was in account with defendant company for the purchase of feedstuff, nails, etc., during several months. In his petition he alleges that defendant tendered him a check for $76.80 for an alleged balance due him on the account. He avers that he is charged by defendant with an account previously settled and with double charges for different items referred to in his petition. That by the addition of these improper charges to the amount, which he admits owing defendant, there results a total amount of $319.20 due petitioner by defendant.

The defendant filed an answer in which he avers that plaintiff had made payments on his account from time to time, and that on February 7, 1925, a balance was struck on the account, showing a balance of $76.80 in favor of plaintiff for which amount defendant gave a check to plaintiff, who cashed it; that it has paid plaintiff in full, and that defendant is in no way indebted to plaintiff in any amount. The court below rejected the demand. Plaintiff appeals.

When the settlement was made plaintiff first declined to accept the check for $76.80, which defendant had tendered him in payment for the balance which it admitted to owe him. McCraney, who drew the check for the defendant company, says plaintiff handed him back the check, claiming that there was some mistake in his account. McCraney says, he told plaintiff he would have to see Mr. Dyer; that he laid the check on Dyer's desk, and plaintiff went out of the office. Dyer, it appears, had gone to lunch and was then absent. Dyer says, when he came back, which he is inclined to believe was the same evening, he found the check where it was lying, that he handed it to plaintiff, and never saw it again until it came back in the statement from the bank. The plaintiff denies that he ever took the check back; that he ever endorsed it or cashed it. It is shown by the officers of the bank that the check was cashed. They could not, however, remember that it had been cashed by plaintiff. The check bears the name of C. A. Chapman as endorser. It is clearly shown by the officers of the bank that if the check had, endorsed as it was, been presented for collection by any other person, the person presenting it for payment would have had to also endorse it. The endorsement on the check shows that it bore only the endorsement of C. A. Chapman. It is shown by several witnesses that the signature on the back of the check was that of Chapman, plaintiff. The check came back from the bank bearing the usual marks of cancellation. The court held that Chapman had endorsed the check and had collected it. The proof sustains this conclusion; there is certainly no such error in this finding of fact by the court to justify us in interfering therewith.

The defendant in its answer alleges that in full payment of the balance due him, plaintiff had received the check and had cashed it. This was a new fact alleged on the part of defendant. Obviously, Chapman

could not collect the check without endorsing or signing it. This fact stood denied by plaintiff as no replication or rejoinder is permitted under our practice. C. P., Article 329. And it was found that the endorsement was the signature of plaintiff and as his signature had been denied by plaintiff, he was, by the law, barred from every other defense. C. P., 326. In Lumpkin vs. Reiser Machine Shops, 120 La. 598, 45 South. 518, the court said:

"The rule that a party who denies his signature to a document upon which he is being sued is cut off from every other defense applies equally in the case where the document is being urged by way of defense."

Here the check was being used as a means of defense, the endorsement or signature to which was denied by plaintiff, having been proved to be his signature he was debarred from every other defense.

Judgment was therefore properly rendered against him rejecting his demand.