### No. 3316

### Second Circuit

### CARTER v. MO. PAC. R. CO. ET AL.

(January 2, 1929. Opinion and Decree.)

J. B. Nachman and T. A. Carter, of Alexandria, attorneys for plaintiff, appellee.

Hudson, Potts, Bernstein & Sholars, of Monroe, and Hawthorn & Stafford, of Alexandria, attorneys for defendant, appellant.

### STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, Mrs. Sallie Webb Carter, as administratrix of the succession of William H. Carter, deceased, sued the defendants, Missouri Pacific Railroad Company and Texas & Pacific Railway Company, under the Federal Employers' Liability Act (45 USCA Secs. 51-59), for judgment against them in solido in the sum of $43,000, for the use and benefit of herself and her two minor children, issue of her marriage with the deceased.

She alleged that defendants were interstate and intrastate carriers by railroad, and that her husband was employed by them as an inspector and repairer of cars at their yards in the city of Alexandria, La.

She further alleged that her husband was killed through the negligence of the defendants on December 26, 1926, while performing duties for them in furtherance of interstate commerce.

She also alleged that at the time of his death he was 42 years old, and earning an average of $156 a month, and had a life expectancy of 27.45 years, and that she and her children were living with and dependent on him for support.

Of the $43,000 demanded, $300 is claimed for the burial expenses of the deceased and $42,700 for damages alleged to have been sustained by the widow and children.

Various acts of alleged negligence are specified, but, in the view we take of the case, it is not necessary to enumerate them.

In the alternative, plaintiff alleges that, if the duties the deceased was performing at the time of his death were not in furtherance of interstate commerce, and, on that account, she is not entitled to the benefits of the Federal Employers' Liability Act, then she is entitled to judgment against the defendants in solido under the state Workmen's Compensation Act (Act No. 20 of 1914, as amended) for $20 a week for 300 weeks, beginning with the date of the death, with legal interest on each payment from its maturity until paid, and for the further sum of $300 for the burial expenses of the deceased; and she alleges that he was earning $5.20 a day or $36.40 a week at the time of his death, that he was employed by defendants as an inspector and repairer of cars, and was accidentally killed while performing duties arising out of and in the course of his

employment, and that defendants were informed of his death at the time it occurred.

And she prayed for judgment against the defendants in solido under the Federal Employers' Liability Act for the use and benefit of herself and her two minor children in the sum of $43,000, with legal interest thereon from judicial demand; and, in the alternative, in the event she was not entitled to the benefits of the Federal Employers' Liability Act, she prayed for judgment against the defendants in solido under the state Workmen's Compensation Act for the use and benefit of herself and her two minor children for compensation of $20 a week for 300 weeks, beginning with the date of the death, with legal interest on each payment from its maturity until paid, and for $300 for the burial expenses of the deceased.

The defendant Texas & Pacific Railway Company denied that the deceased was in its employ.

The defendant the Missouri Pacific Railroad Company answered, admitting that the deceased was in its employ in the capacity of car inspector, and that he was killed by a train of cars being moved by a locomotive operated by it running over him, and alleged that it was without knowledge or information sufficient to form a belief as to whether the deceased was performing or attempting to perform an act within the scope of his employment, and therefore denied that he was; or whether any act he was performing or attempting to perform was in furtherance of interstate commerce, and therefore denied that it was; or whether the deceased was related to plaintiff or her minor children in the manner alleged, and therefore denied that he was; or whether plaintiff or her children were dependent on him for support, and therefore denied that they were; or whether the

deceased was of the age alleged, and therefore denied that he was.

And defendant the Missouri Pacific Railroad Company categorically denied the various acts of alleged negligence, and alleged that the decedent was at the time of his death and had been for a number of years engaged in railroad work, several years of which had been spent in employment in the yards at Alexandria; that the decedent was entirely familiar with the layout of tracks and the method of handling trains and switching the same and movements thereof in the yards at Alexandria; that he was entirely familiar with the rules regulating service of employees operating and working in said yards, and especially familiar with the rules requiring employees engaged in repairing cars or equipment in said yards and on tracks that might be used by movement of trains or cars thereover or thereupon to properly protect themselves while working in, around, under, or about any cars or equipment thereon, with proper warning flags indicating the presence of such employee, in order to prevent other employees moving trains or parts of trains or locomotives or cars in such a way as to injure or interfere with them while performing such duties; that, if the deceased was, at the time he was killed, engaged in repairing any car on the track on which the switch engine was being operated at the time, but which is especially denied, he failed to make his presence known by any of the ordinary methods provided and required by the rules of the employment under which he was acting, and thereby assumed the risk of danger incident to his undertaking any such work of repair under such circumstances, and was wholly in fault, and his death was due wholly and only to his own want of care, negligence, and failure to observe the ordinary precautions required to be taken

under such circumstances and the proximate cause of his death was his own fault, carelessness and negligence, and as the result of his assumed risk, if it occurred as alleged in plaintiff's petition, which is especially denied.

On these issues the case was tried, and there was judgment rejecting plaintiff's demands and dismissing her suit as to the defendant Texas & Pacific Railway Company, and in favor of the plaintiff, as administratrix of the succession of William H. Carter, for the use and benefit of herself individually and for her minor children, against the defendant the Missouri Pacific Railroad Company, for $17,725.49, with legal interest thereon from judicial demand.

From this judgment, the defendant the Missouri Pacific Railroad Company appealed.

The plaintiff did not appeal, nor has she filed in this court any answer to the defendant's appeal asking any amendment of the judgment in her favor.

OPINION.

Plaintiff could not maintain the action under the Federal Employers' Liability Act without proving that the deceased, at the time of his death, was performing or attempting to perform some act, in the course of his employment that was in furtherance of interstate commerce. She alleged that he was, and defendant denied it, and it was incumbent on her to prove it. She introduced no evidence tending to show what the deceased was doing or attempting to do at the time of his death. Neither was it shown that the train or the locomotive and cars that ran over deceased and killed him, or any of them, was engaged in an interstate operation at the time. The evidence shows that the deceased was in the course of his employment by defendant. Work had been done on a car, and a nut had been screwed on a bolt as far as it could be done with the fingers, and the wrench and other tools of the deceased and nuts were scattered around his lifeless body where it was found under a car. But there is no evidence tending to show that the work done or attempted to be done was connected in any way with interstate commerce.

It follows, therefore, that the district court erred in awarding plaintiff judgment under the Federal Employers' Liability Act.

However, though not entitled to recover under that act, plaintiff was entitled to judgment under the state Workmen's Compensation Law.

The defendant admitted that the deceased was in its employ, and that he was killed in an accident arising out of and in the course of his employment, and the record shows all facts necessary to entitle plaintiff to judgment under the state law proved.

But the defendant insists that, inasmuch as the plaintiff neither appealed nor answered its appeal, this court is powerless to award her judgment in the Louisiana Law.

We are not cited to any law or sufficient reason in support of this contention, and we know of none. Plaintiff asked for judgment under the state law in the alternative, and proved all facts necessary to entitle her to it, and we do not think she lost her right to recover because the district court applied the federal when it should have applied the state law to the facts.

The Code of Practice, art. 905, provides:

"When the Supreme Court reverses the judgment of an inferior court, it shall pronounce on the case the judgment which the lower court should have rendered, if it be in possession of all the facts and testimony to enable it to pronounce definitively." Lumpkin vs. Reiser Mach. Shop, 120 La. 597, 45 So. 518.

The judgment, in so far as it is in favor of the plaintiff and against the defendant, is correct, and is incorrect only in so far as it is founded upon the federal instead of the state law and awards her a larger sum of money than she is entitled to. And while this conclusion requires that the judgment be reversed and a new one in favor of the plaintiff rendered by us, the new judgment will really be in defendant's favor, as it will reduce the amount of the award, and only technically in plaintiff's favor.

Section 8 of the Louisiana Workmen's Compensation Act, as amended by Act No. 85 of 1926, provides, among other things:

"2. For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. * * *

"(A) The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:

"(B) A wife upon a husband with whom she was living at the time of her (the) accident or death. * * *

"(D) A child or children under the age of eighteen years. * * * In case there are both surviving wife and child or children, * * * the compensation due under this act shall be paid entirely to the surviving * * * wife for the common benefit of such wife * * * and the child or children. * * *

"(E) Payment to such dependents shall be computed and divided among them on the following basis: * * *

"(G) Where there is a surviving widow, widower and child or children, entitled to compensation, the compensation above described shall be paid entirely to the widow or widower for the common benefit of such widow or widower and child or children, and the appointment of a tutor shall not be necessary. * * *

"(J) Where payments of compensation have been made to the employee before his death, the compensation for dependents as provided for in this Section shall begin on the date of the last of such payments and shall not continue for more than three hundred weeks from the date of the accident. * * *

"3. The term 'wages' as used in this act is defined to mean the daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury, and anything herein contained to the contrary notwithstanding the maximum compensation to be paid under this act, shall be twenty dollars per week, and the minimum compensation shall be three dollars per week. * * *"

The deceased, at the time of his death, was receiving a daily wage of $5.20, and plaintiff should have had judgment for $20 a week for not exceeding 300 weeks, dating from the day of the accident, with legal interest on each payment from its maturity until paid, and for the additional sum of $150 for burial expenses of the deceased and reasonable contingent expenses in connection therewith, with legal interest thereon from judicial demand.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the plaintiff, Mrs. Sallie Webb Carter, have and recover judgment, for the common ben-

efit of herself and her two minor children, against the defendant the Missouri Pacific Railroad Company for compensation of $20 a week for not exceeding 300 weeks; the first installment being decreed due December 26, 1926, with legal interest on each payment from its maturity until paid, and for $150, for the burial expenses of the deceased and reasonable contingent expenses in connection therewith, with legal interest thereon from judicial demand.

It is further ordered, adjudged, and decreed that the defendant the Missouri Pacific Railroad Company pay all costs of this suit.