SOPHIE BLANCHARD, wife, &c., *v.* LUCIEN DECUIR.

Hypothecary action for a minor's mortgage founded on a judgment against the tutor. At the time the judgment against the tutor was obtained, the plea of prescription would have defeated the plaintiff—but the tutor did not set it up. *Held*—the renunciation of prescription by the tutor could not affect the right of defendant as third possessor, inasmuch as the defendant could at any time avail himself of the plea of prescription under Article 3429 of the Code.

APPEAL from the District Court, Parish of St. Martin, *Voorhies*, J.
JUDGMENT OF DISTRICT COURT.

The hypothecary action of the plaintiff is founded on a judgment rendered in her favor against her natural tutor, *Marin Blanchard*, on the 7th of October, 1850. On the 20th of December, 1846, when the citation was served on *Marin Blanchard* in that suit, the plaintiff was then upwards of twenty-nine years of of age. Her right of action against her tutor was barred by the prescription of four years previous to the month of November, 1842. At that time her tutor had already been legally divested of his title to the land now owned by the defendant, on which she seeks by the present action to enforce her legal or tacit mortgage; to which the prescription of four and ten years are opposed by the defendant.

<div style="float:right">BLANCHARD<br>*v.*<br>DEGUIR.</div>

It is well settled that the extinguishment of the principal obligation by prescription also carries with it the extinguishment of the mortgage as its accessory. The only question, therefore, presented in this case is whether the tutor by waiving the plea of prescription, which it cannot be denied he had the right to do, has reinstated or revived the mortgage on the property which had ceased to belong to him. So far as it relates to himself, there is no doubt but what the plaintiff's legal mortgage would take effect on his unincumbered property from the date of his renunciation, in the same manner as the reinscription of mortgages required to be recorded which are already prescribed, the mortgage to take effect only from the date of its reinscription; but if in the meantime other rights were acquired by third persons, it is clear that these rights could not be affected by the reinscription. In the present case the renunciation of prescription by *Marin Blanchard* could not, therefore, affect the rights of the defendant as third possessor, inasmuch as he could at any time avail himself of the plea of prescription which the tutor had renounced, under the provisions of article 3429 of the Civil Code. This article, which is identical with article 2225 of the Nap. Code, is clearly applicable, in my opinion, to cases of mortgages. Troplong, vol. 4, *Privileges et Hypothèques*, pp. 47, 66, Nos. 878 and following; Duranton, vol. 20, Nos. 144, 147, 148, 150, 152.

The grounds of objection urged by this defendant's counsel to the admissibility of the plaintiff's evidence, I do not think are tenable—if anything, the objection goes more to the effect than to the admissibility of the evidence—the objection is, therefore, overruled.

It is, therefore, ordered, adjudged and decreed, that the demand of plaintiff be rejected, at her costs.

*A. Voorhies*, for plaintiff and appellant. *E. Simon*, for defendant.

DUNBAR, J. It is ordered, that the judgment of the District Court be affirmed, for the reasons given by the District Judge, with costs.