16 | 325
44 | 432

## Mrs. ELIZA A. VANWICKLE et al. v. ANDREW MATTA.

When an heir conveys to the administrator his interest in the property, the latter does not act in his fiduciary capacity, and cannot be assimilated to a vendor when he disposes of it.

The general rule is that all persons are capable of contracting ; the incapacity is the exception ; and it should not be extended beyond the clear import of the law.

The objection which applies to an adjudication in due course of administration, does not arise in a private transaction between the executor and one of the heirs. But even as regards judicial sales, the law has been modified by allowing parties in interest, who happen to be administrators or executors, to become purchasers. Acts 1840, p. 123 ; 1854, p. 155.

With regard to all contracts between the tutor and the ward who has become of age, the text of the law is explicit : these are null and void if not preceded by a full settlement of the tutorship. C. C. 355, 1465, 1466. But as regards other fiduciary trusts, the prohibition is not so general, and for obvious reasons.

The party's relief in cases of fraud is obtained under articles 1814 and 1841 of the Civil Code.

APPEAL from the District Court of East Baton Rouge, *Avery*, J. *Bard & Hall* and *George W. Helm*, for plaintiff and appellant. *Dunn & Herron*, for defendants.

VOORHIES, J. The question presented in this cause is, whether an executor, whose administration is not at an end, can purchase the undivided interest of one of the heirs in some specific property belonging to the succession. In other words, does the prohibition contained in articles 1139 and 1784 of the Civil Code, strike such a contract with nullity?

In a case decided in the month of February last, (*Peyton* v. *Enos et als.*) we stated that, if the sale was null and void, the nullity was relative, and could avail only the heir or other party interested adversely to the administrator or curator; but the Court, on that occasion, declined expressing an opinion upon the question of the prohibition.

The object of the prohibition is to prevent the fiduciary from abusing his trust to the detriment of the estate entrusted to his administration. He cannot be a vendor and a vendee at the same time; and, having provoked the judicial sale of the property, and, to a certain extent, having the supervision of the whole proceedings, it was but proper that he should be

precluded from becoming a purchaser, whether directly in his own name, or indirectly through the interposition of some one else.

But when an heir conveys to the administrator his interest in the property, a different case is presented. The latter does not act in his fiduciary capacity, and cannot be assimilated to a vendor.

The general rule is, that all persons are capable of contracting; the incapacity is the exception, and it should not be extended beyond the clear import of the law.

The prohibition against purchases made by executors relates to property entrusted to their administration; and the law evidently contemplates that they shall not be tempted to avail themselves of their position in order to become the owners of such property. The objection which applies to an adjudication in due course of administration, does not arise in a private transaction between the executor and one of the heirs. But, even as regards judicial sales, the law has been modified by allowing parties in interest, who happen to be administrators or executors, to become purchasers. Acts 1840, p. 123; 1854, p. 155.

With regard to all contracts between the tutor and the ward, who has become of age, the text of the law is explicit: these are null and void, if not preceded by a full settlement of the tutorship. C. C. 355, 1465, 1466. But, as regards other fiduciary trusts, the prohibition is not so general, and for obvious reasons.

There is no suggestion of fraud in the present case; but, had there been, the question under consideration would stand unaffected. The party's relief would be obtained under articles C. C. 1814 and 1841.

Judgment affirmed.

LAND, J., absent, concurring.