No. 92;4.

## MRS. ELIZABETH BEDELL VS. DAVID CALDER ET AL.

37  805
51 1167

The prescription of four years is a bar to a minor's action against his tutor respecting the acts of the tutorship.

If a provisional account has been rendered by the tutor during the minority and has been homologated, and the minor does not within four years after majority take legal action to finally settle his rights and enforce them, prescription will apply.

If the real property of the tutor has meanwhile passed into the hands of purchasers under forced alienations, they may plead prescription even though the tutor has renounced it.

APPEAL from the Nineteenth District Court, Parish of St. Mary. Goode, J.

*M. J. Foster* and *A. C. Allen* for Plaintiff and Appellant.

*D. Caffery* for Defendants and Appellees.

The opinion of the Court was delivered by

TODD, J. This is an hypothecary action to enforce a legal mortgage claimed to have resulted from an indebtedness to the plaintiff by her natural tutrix, who is alleged to have owned the land described in the

petition, during the tutorship, and now sought by this suit to be subjected to said mortgage.

Pleas of prescription of four and ten years were filed in the lower court against the demand, and that of four years sustained and the suit dismissed, and from this judgment the present appeal is taken.

Mrs. Célézie Hays, widow of Jothan H. Bedell and mother of the plaintiff, was confirmed as her natural tutrix on the 30th of January, 1860.

On the 12th of May, 1870, the tutrix filed an account of her tutorship in which she stated the balance due the plaintiff at that time to be $8190.58. This account, as between the plaintiff and her tutrix, or as to this particular indebtedness, appears not to have been homologated during the minority of the plaintiff, who became of age in the year 1873.

On the 14th of June, 1880, plaintiff presented a petition to the court asking that this tutorship account, in so far as it concerned her, be approved and homologated and the mortgage resulting from this acknowledged debt of the tutrix be recognized and made executory, and a judgment was rendered in conformity to this prayer on the 28th of April, 1881.

To enforce the mortgage thus recognized the present suit against these defendants was instituted on the 19th of September, 1882.

The question to be decided is whether, under this state of facts, the claim of the plaintiff is barred by the prescription pleaded against it.

Prescription did not run against the plaintiff during her minority. C. C., 3522; Sewell vs. McVay, 30 A., 673.

After the expiration of four years from her majority no action would lie in her favor to compel the rendition of an account by her tutrix, or to change or alter in her favor any account of the tutrix rendered—or, in short, to establish any indebtedness on the part of the tutrix "respecting the acts of the tutorship" not already legally acknowledged or fixed. This we take to be the true intent and meaning of Art. 362 of the Civil Code.

We find, however, that in this instance the indebtedness of the tutrix to the plaintiff, her ward, at the time the latter attained her majority, was liquidated and established by the judicial admission of the tutrix made in her tutorship account as stated. The liability and the debt thus acknowledged stood uncontroverted up to the time plaintiff attained her majority. It was for her after that period to accept or reject it. It is evident that she tacitly accepted it by her silence

and failure to oppose it, and afterward expressly by her motion to have the account homologated. And notwithstanding her long delay in taking this last step she was not debarred from doing so.

At the attainment by plaintiff of her majority the tutorship account filed three years before might be properly regarded as a proceeding pending in court between her and her tutrix, in which the latter as accountant occupied the position of plaintiff and she, the ward, as defendant cited to answer the account. She might at any time, by a simple appearance and answer, have procured the homologation of the account. That she appeared by formal petition to effect this object might appear irregular, but such irregularity did not in fact alter her true position or affect her rights. It could not be regarded as an "action" against her tutrix to fix or establish an indebtedness, for that had already been done by the tutrix's own formal judicial acknowledgement, made in the most solemn form and in the manner prescribed by law. It denoted only an express acceptance on plaintiff's part of what she had always accepted by her previous silence and inaction. The judgment homologating the account only declared the legal effect, with respect to the mortgage, that the law imparted to the debt.

The proceeding to have the account of tutorship homologated and the judgment of homologation both took place before the expiration of the ten years from the plaintiff's majority and were in time.

This suit to enforce the mortgage based on the debt thus recognized was filed the next year.

Our conclusion, under these circumstances, is that the prescription of four years was improperly sustained, and it is quite as clear that the prescription of ten years is equally inapplicable.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the case be remanded to that court to be proceeded with according to law, the costs of appeal to be paid by the defendants.

### DISSENTING OPINION.

MANNING, J. The plaintiff was of age in May 1873. Her action against her tutrix was filed June 14, 1880, service having been accepted on 12th of the previous month. The present suit was filed September 19, 1882.

I think the action of the minor against her tutrix is barred by the prescription of four years, and her capacity to sue therefore terminated in May 1877.

The voluntary rendition of the account by the tutrix has no effect upon this prescription *quoad* other parties. To hold otherwise will facilitate collusion between parent and child, after majority is attained, and subject purchasers in good faith to disastrous reclamations. If any one must suffer for a mother's waste of her child's money, it should be the child.

I think the judgment should be affirmed.

## On Rehearing.

MANNING, J. The mother of the plaintiff was appointed her tutrix in January 1860 and filed a provisional account of her tutorship in May 1870 shewing that over eight thousand dollars was due the plaintiff. She attained her majority in May 1873.

An abstract of the inventory of the deceased father's estate had been recorded in 1869 and reinscribed in 1879. The tutrix had real estate which by forced alienations had passed into the hands of the defendants. This suit is a hypothecary action to subject that real estate to the claim of the plaintiff against her mother, and was instituted in September 1882.

The prescription of four years is pleaded and that time expired in May 1877 running from the plaintiff's majority. Up to that date no attempt had been made by the plaintiff to enforce her mortgage against her mother's property and no suit had been instituted respecting the acts of her tutorship. It was not until May 1880 that the plaintiff sued her former tutrix (as her counsel's brief says) "with the view of homologating and making executory the account filed two or three years before her majority." Judgment was rendered in that suit in April 1881 and this suit followed in the next year.

The action of the minor against her tutrix is prescribed after four years, Rev. Civ. Code art. 362, and more than that time had elapsed from the plaintiff's majority to her suit in 1880. The account filed by the tutrix in 1870 during the plaintiff's minority was one of those periodical accounts rendered provisionally that are required to be filed every year. Even when homologated, the judgment of homologation is merely *prima facie* evidence of their correctness, and this account was never homologated. It lay dormant until a suit by the Bedell heirs against the widow Bedell was instituted when the amount stated as due by this account was reduced, and that it was not considered determinative of the plaintiff's claims is apparent from her suit in 1880 instituted expressly to obtain an adjudication of them. Such accounts are not conclusive on the minors who may contest them after major-

Bedell vs. Calder et al.

ity, Lay v. O'Neal, 29 Ann. 722, and they are not therefore a judicial ascertainment of the rights and liabilities of the parties respecting the tutorship. We have lately held after mature consideration that, they cannot serve as a foundation for the hypothecary action. Cochran v. Violet, *ante* 221, and in that case we went further than is necessary to hold in this.

The minor is given four years after majority to overhaul these accounts, to contest their correctness, and to compel the tutrix to a settlement. If after this time has elapsed and no legal action has been taken respecting the tutorship, third parties have acquired rights upon the property of the tutrix, the former minor has no one else but herself to blame for not using the first four years of majority in forcing an adjudication of her rights.

The inscription of the inventory of the father's succession in 1869 and its reinscription in 1879 preserved the mortgage of the plaintiff, but could no more keep alive the debt which that mortgage secured than the inscription and timely reinscription of an ordinary mortgage can keep alive a note secured by it. Suit must be brought upon a mortgage note within five years or prescription must otherwise be interrupted or else the note will be prescribed, and the fact that the mortgage is still alive will not save the note.

So long as the relation of tutrix and ward exists prescription does. not begin, but whether provisional accounts have been rendered during minority or not, prescription does begin from the majority of the ward, and the Code interposes it as a conclusive bar to any claim respecting the acts of the tutorship, and to protect third persons from collusion between the former tutrix and ward or from failure of the tutrix to use the plea, it was long ago held in a case very similar to this that a third possessor can avail herself of the plea even when the tutor has. renounced it. Blanchard v. Decuir, 8 Ann. 504.

The lower court sustained the plea but we reversed that judgment on the first hearing.

It is therefore ordered and decreed that our former judgment be set aside and that the judgment of the lower court is affirmed with costs.

TODD, J. adheres to the opinion read by him on the first hearing.