No. 3007
Second Circuit

---

FLASPOLLER CO. v. SIESS
RICH, ET ALS, THIRD OPPONENTS AND INTERVENORS

---

BURKE CO. v. SIESS
RICH, ET ALS, THIRD OPPONENTS AND INTERVENORS

---

LOUISIANA MOLASSES CO. v. SIESS
RICH, ET ALS, THIRD OPPONENTS AND INTERVENORS

---

WORMS CO. v. SIESS
GOODBAR & CO. v. SIESS
RICH, ET ALS, THIRD OPPONENTS AND INTERVENORS

---

LEHMAN & CO. v. SIESS
RICH, ET ALS, THIRD OPPONENTS AND INTERVENORS

---

DWYER BROS. v. SIESS
RICH, ET ALS, THIRD OPPONENTS AND INTERVENORS

---

HARDTNER CO. v. SIESS
RICH, ET ALS, THIRD OPPONENTS AND INTERVENORS

---

CONSOLIDATED

---

(June 28, 1927. Opinion and Decree.)
(July 9, 1927. Application for Rehearing.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Intervention—Par. 5.**
Intervenors, third opponents, demanding to be paid by preference over seizing creditors, out of the proceeds of property sold under executions, enter the case as they find it and are without standing to question the regularity of the proceedings under which the property was sold, unless they allege fraud or collusion between the seizing creditors and the common debtor to their prejudice.
First Nat. Bk. of Ft. Wayne vs. Ft. Wayne, etc., Co., 105 La. 133, 29 South. 379.

2. **Louisiana Digest—Minors—Par. 184.**
Four years after a minor attains his majority his right of action against his tutrix for an accounting of the tutorship becomes prescribed.
Bedell vs. Calder, 37 La. Ann. 805.
Civil Code, Art. 362.

3. **Louisiana Digest—Minors—Par. 193, 195.**
A judgment obtained by a minor against his tutrix fixing the amount of the indebtedness of the tutrix to him more than four years after he attained his majority is inferior in rank to a judgment obtained against the tutrix by third persons and recorded prior thereto.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by August H. Flaspoller Company, Inc., Nicholas Burke Company, Ltd., Louisiana Molasses Company, S. E. Worms Company, Ltd., Goodbar & Company, A. Lehman & Company, Dwyer Brothers Company, Ltd., Albert Hardtner Company, against Mrs. Mina Siess, widow of A. Rich. Mrs. Mary Rich, et als, third opponents and intervenors.

There was judgment for defendants and plaintiffs appealed.

Judgment affirmed.

J. C. Cappel; Porterie & Bordelon, of Marksville, attorneys for plaintiffs, appellants, in intervention and third opposition.

W. E. Couvillon; J. W. Joffrion; A. V. & Philo Coco, of Marksville, attorneys for defendants, appellees, in intervention and third-opposition.

## STATEMENT OF THE CASE

REYNOLDS, J. In the year 1907 the various plaintiffs obtained judgments against the defendant in the District Court of Avoyelles Parish and had them registered in the mortgage records of that parish.

And in the year 1917 by judgments of the said court the several judgments were renewed and revived and duly registered in said mortgage records.

On January 26, 1926, executions were issued upon the judgments and certain immovable property belonging to the defendant situated in Avoyelles Parish was seized thereunder and thereafter duly sold for the sum of $3900.00.

On June 12, 1926, Mrs. Mary Rich, wife of Robert Cone; Sadie Rich, wife of Jim Woodson; Rachel Rich, wife of Richard Coberly; Aaron Rich, and Ben Rich, filed in each of the suits their joint petition of intervention and third-opposition in which they ask to be paid, by preference to the seizing creditors, out of the proceeds of sale of the property, the principal, interest and cost of a certain judgment recovered by them on May 1, 1926, in the District Court of Avoyelles parish against the common defendant for the sum of $7776.01 with legal interest thereon from that date until paid and which judgment recognizes a legal mortgage in their favor for its satisfaction on the property seized and sold under the several executions and was recorded on the day of its rendition in the mortgage records of said parish.

They allege that they, together with Lee Rich, who died on April 1, 1922, were the only children and sole heirs of Abe Rich, who died October 26, 1905, issue of his marriage with the defendant Mrs. Mina Siess.

That on June 25, 1907, their said mother was duly appointed and qualified as their natural tutrix, all of whom were minors at the time.

That an inventory, both descriptive and estimative, of the property belonging to the succession of their deceased father was duly made, showing a value of $24,494.02; and that on June 25, 1907, an abstract of said inventory was duly recorded in the mortgage records of said parish for the purpose of preserving the minors' legal mortgage on the property of their tutrix, and that for the purpose of preserving their said legal mortgage the said abstract of inventory was reinscribed in the mortgage records of said parish on February 3, 1926.

They prayed that their judgment against their mother be decreed superior in rank to the several plaintiffs' judgments against her and that their judgment be paid out of the proceeds of the sale of her property in preference to the executions of the seizing creditors. They further prayed that the sheriff be ordered to retain in his possession the proceeds of the sale until final judgment on their intervention.

The judge signed an order directing the sheriff to retain the proceeds of the sale in his possession until further order of the court.

Each of the defendants in intervention and third-opposition filed a separate answer.

They denied that intervenors and third-opponents' judgment against their mother was a mortgage on her property prior in rank to their judgments, and denied that intervenors and third-opponents were entitled to be paid out of the proceeds of the sale of the property in preference to them; and they alleged:

That there was additional issue of the marriage between Mrs. Mina Siess and Abe Rich, namely, Lee or Leopold Rich, of whom she had qualified as natural

tutrix and who had died unmarried, without issue and intestate.

That all of intervenors and third-opponents were over the age of twenty-eight years; that Aaron Rich was the youngest of them and was twenty-eight years of age on November 5, 1925, and was duly emancipated from all the disabilities of minority on May 15, 1917.

That at the time of the seizures under their respects executions more than nine years had elapsed since the emancipation of Aaron Rich and more than eight years since he and his co-intervenors and third-opponents had attained the age of twenty-one years without any judgment having been rendered in their favor against their tutrix or even any suit having been commenced by them against her for an accounting of her tutorship.

That any liability their tutrix might have been under to intervenors and third-opponents in virtue of her tutorship became extinct and ceased to exist four years after Aaron Rich was emancipated quo ad him and four years after each of the intervenors and third-opponents attained the age of twenty-one years as to the others of them respectively.

That the legal mortgage in favor of the intervenors and third-opponents on the property of their mother resulting from the registry of the abstract of inventory in the tutorship proceedings expride and ceased to exist contemporaneously with the expiration of liability of intervenors and third-opponents' mother to them in virtue of the tutorship.

The cases were consolidated for purpose of trial.

On these issues the case was tried and there was judgment rejecting the demands of intervenors and third-opponents and dismissing their interventions and third-oppositions and ordering the sheriff to pay over to the seizing creditors the proceeds of the sale in satisfaction of their executions.

Intervenors and third-opponents have appealed.

## OPINION

According to the brief filed by inter venors and third-opponents the record presents for decision only two questions, namely:

1. Did the trial court err in refusing to allow intervenors and third-opponents to introduce evidence for the purpose of showing that the—

"seizing creditors were no longer in existence and that they had made no provision to appoint liquidators or successors to exercise rights and execute judgments."

2. Had intervenors and third-opponents rights of action against their tutrix for an accounting of her tutorship and their legal mortgage on her property resulting from the recordation of the abstract of inventory expired and ceased to exist quo ad the seizing creditors at the time their executions were levied upon the property of Mrs. Mina Siess Rich.

### I.

In our opinion the District Court correctly excluded the testimony offered to show that the seizing creditors had no legal existence.

A third opponent claiming property under seizure has no standing to question the regularity of the proceedings, unless he charges fraud or collusion between the plaintiff and defendant to his prejudice. He is otherwise confined to the establishment of his title to the property claimed by him.

First Nat. Bk. vs. Ft. Wayne etc. Co., 105 La. 133, 29 South. 379.

As said by the court in the case cited—

"But a claimant has surely no right to show any irregularity in the suit in which he intervenes for the sole purpose

of rescuing the property. Whether the plaintiff, the court and the sheriff have been acting legally, or not, is none of his business."

Intervenors and third-opponents cannot claim under and against the proceedings under which the property was seized and sold.

## II.

The evidence convinces us that Aaron Rich, the youngest of the intervenors and third-opponents was more than twenty-eight years old as consequently also were his co-intervenors and co-third-opponents on January 28, 1926, the date on which the executions were levied.

Intervenors and third-opponents' suit against the natural tutrix for an accounting of her tutorship was filed on May 1, 1926, and on the same day she accepted service of the petition, waived citation and confessed judgment in their favor.

On the same day judgment in favor of the intervenors and third-opponents and against Mrs. Mina Siess Rich as their natural tutrix was read and signed and recorded in the mortgage records of Avoyelles parish.

More than four years elapsed between the date on which the youngest of intervenors and third-opponents attained his majority and that on which intervenors and third-opponents instituted their action against their mother for an accounting of her tutorship. Therefore quo ad the seizing creditors who had acquired rights on the tutrix's property in the interim the cause of action of intervenors and third-opponents against their tutrix was prescribed and their legal mortgage on her property had ceased to exist when their suit was filed.

"The action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by four years, to begin from the day of his majority."

Civil Code, Art. 362.

"Creditors and all other persons who may have an interest in the acquiring of an estate or the extinguishment of an obligation by prescription, shall have the right to plead it, even in case the person claiming such estate, or bound by such obligation, should renounce such right of prescription."

Civil Code, Art. 3466.

"The mortgage is accessory to a principal obligation which it is designed to strengthen, and of which it is to secure the execution.

"Consequently, it is essentially necessary to the existence of a mortgage that there shall be a principal debt to serve as a foundation for it.

"Hence it happens, that in all cases where the principal debt is extinguished, the mortgage disappears with it."

Civil Code, Arts. 3284, 3285.

"The prescription of four years is a bar to a minor's action against his tutor."

"After the expiration of four years from her (the minor's) majority no action would like in her (the minor's) favor to compel the rendition of an account by her tutrix, or to change or alter in her (the minor's) favor any account of the tutrix rendered—or, in short, to establish any indebtedness on the part of the tutrix 'respecting the acts of the tutorship' not already legally acknowledged or fixed. This we take to be the true intent and meaning of Art. 362 of the Civil Code."

Bedell vs. Calder, 37 La. Ann. 805.

"The action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by the lapse of four years to date from his majority, and the tacit mortgage given by law against the property of the tutor, is extinguished by the same lapse of time."

Aillot vs. Aubert, 20 La. Ann. 509.

Intervenors and third-opponents insist that the recordation of the abstract of inventory in the mortgage book gave them a legal mortgage on the property of their tutrix that prescribed only after ten years; that prescription did not run against them on this mortgage during their minority; that the mortgage was reinscribed on February 3, 1926; that this was within ten

years of their majority and that therefore their legal mortgage was still subsisting; and they cite Lemelle vs. Thompson, 37 La. Ann. 1041.

In that case the claims of the minor against his tutor growing out of the tutorship had been merged in judgment within four years after the minor attained his majority.

We find no error in the judgment appealed from and it is therefore affirmed.