This is an hypothecary action to enforce a legal mortgage claimed to have resulted from an indebtedness to the plaintiffs by their natural tutor, who is alleged to have owned the land described in the petition, during the tutorship, and now sought by this suit to be subjected to said mortgage.
The plaintiffs allege the following facts: Mary B. Olevia, the wife of Beneditto Olevia, died on May 21, 1927 leaving Beneditto Olevia as surviving spouse in community, and seven children, issue of her marriage with Beneditto Olevia, namely: Sam, born November 23, 1906; Mary, born December 10, 1909; Joe, born August 3, 1911; Frances, born November 23, 1913; Domineck, born October 21, 1915; Charles, born October 23, 1916; Neck, born September 20, 1923, all minors, of which the first six are plaintiffs in this suit. The estate of Mary B. Olevia was opened in August, 1927, and an inventory taken showing the property comprising the community, in which the property in question was listed and valued, and the community interest belonging to the minors was valued at $1,000. An extract of the inventory was filed and recorded in the mortgage records on August 22, 1927. Beneditto Olevia, the surviving spouse and father of the minors, then qualified as the natural tutor of his minors. On August 19, 1927, on the petition of the father and tutor of the minors, the said minors were recognized and placed into possession of all the property of their deceased mother, particularly the property in this suit, subject to the usufruct of their father. On September 19, 1927, for the purpose of partition, the tutor and father sold the minors' interest in the property to Vito Gianoble, who, on September 20, 1927, resold and reconveyed the property to the tutor and father, thus placing the title to the property in the name of the father and tutor alone. On June 8, 1931, the father and tutor sold ten acres of the real estate to Joe Palmenteri, one of the defendants, who, at the time of the filing of the suit, was in possession of these ten acres. They further allege that on June 8, 1931, the father mortgaged the real estate, less and excepting the ten acres sold to Palmenteri, to Joe DiBernado, who endorsed the mortgage note in blank and transferred it to Fillippo Rusciana, the other defendant; that on May 11, 1933, *Page 70 
Rusciana foreclosed on the note and on February 17, 1934, acquired the property at sheriff's sale; that on October 2, 1940, they filed suit for an accounting against their father and natural tutor, and obtained a judgment against their father on October 25, 1940, each for the sum of $142.85, with interest at the rate of 5% per annum from the date on which each plaintiff reached his majority, until paid, with recognition of the legal mortgage in their favor. They make the essential allegations necessary in an hypothecary action. The prayer of their petition is in accordance with the petition.
The defendants interposed an exception of no right or cause of action, which was overruled by the trial judge. In answer, the defendants admit the purchase of the property, and deny the remainder of the essential allegations of the petition. In defense of the action, defendants interpose the plea of prescription of four years, a plea of res adjudicata and the exception of no right of action.
On these issues the trial resulted in a judgment in favor of the plaintiffs as prayed for. Defendants have appealed.
In this court, defendants urge (a) their exception of no cause or right of action, (b) its plea of res adjudicata, and (c) the plea of prescription of four years. We shall consider the defenses as set forth.
 (a) Exception of No Right or Cause of Action.
Defendants base their exception on the proposition that no account of tutorship had been filed by Beneditto Olevia as tutor of his wards, and that until such an account is filed and homologated, no action can be had on a claim under a legal mortgage arising out of the registry of the extract of inventory.
It is true, as contended by the defendants, that a minor cannot sue his tutor during the existence of the tutorship; and that after he has attained his majority, he must first obtain a judgment of liquidation and settlement of his claim against his tutor. In this case plaintiffs have alleged and proved that their father rendered an account and that a judgment liquidating their claim has been obtained by them.
Defendants further contend that there are no allegations nor proof that the tutor furnished an account as is prescribed by Civil Code, Article 361 and that therefore the account filed by Olevia, and the judgment liquidating and fixing the amounts due to the plaintiffs in this case are void. We find no merits in this contention in that the nullity declared by this article is not absolute and can only be urged by the minor after he becomes of age and is exclusively for his benefit. Vanwickle v. Matta, 16 La.Ann. 325; Frost v. McLeod, 19 La.Ann. 80.
The exception of no right or cause of action was correctly overruled.
 (b) Plea of Res Adjudicata.
On July 19, 1937, the plaintiffs in this case filed suit No. 8,117 praying that they be recognized as heirs of the deceased, and that the property be sold in payment of their pro-rata share of $142.85. This suit was dismissed on an exception of no cause of action on February 15, 1938.
On July 8, 1939, the plaintiffs filed suit No. 8,300 for the same purpose, which was also dismissed on an exception of no cause of action.
It is apparent that both of these suits were dismissed for want of allegations relative to the filing of an account and a judgment liquidating the amount due to the heirs and insufficient allegations to sustain the hypothecary action. Naturally, such dismissals do not constitute res adjudicata to the present hypothecary action.
 (c) Plea of Prescription.
This plea is based on Civil Code, Article 362, which reads as follows: "The action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by four years, to begin from the day of his majority". Under this article, it is plain that a minor has four years from his reaching his majority within which to sue his tutor for an accounting and liquidation of the tutorship and the adjudication of his rights. Plaintiffs then each had up to the time that they reached their respective twenty-fifth birthdays within which to file such suit. They reached their twenty-fifth birthdays on the following dates: Sam, November 23, 1931; Mary, December 10, 1934; Joe, August 3, 1936; Frances, November 23, 1939; Domineck, October 21, 1940; Charles, October 23, 1941. On August 11, 1938, Beneditto Olevia, the father and natural tutor, appeared and filed what he terms an account, wherein "he charged himself with One Thousand ($1,000.00) *Page 71 
Dollars, the value of the property as shown by the inventory on file herein". On October 4, 1940, plaintiffs filed suit against their father and natural tutor for their virile share, with interest from their majority, as shown by this account, or each for the sum of $142.85. Beneditto Olevia confessed judgment, and on October 25, 1910, each of the major heirs, plaintiffs herein, obtained a judgment against their natural tutor in the sum of $142.85, with interest, and with recognition of the legal mortgage resting on the property of Olevia at the time and subsequent to the recordation of the abstract of inventory. It is very evident therefore that more than four years had elapsed from each of the plaintiffs' majority to the filing of their suit on October 4, 1940, except Domineck and Charles.
In reality, the facts of this case are practically identical with those appearing in the case of Bedell v. Calder et al., 37 La.Ann. 805. The decision in that case controls the result to be reached here. In that case the Supreme Court states:
"The minor is given four years after majority to overhaul these accounts, to contest their correctness, and to compel the tutrix to a settlement. If after this time has elapsed and no legal action has been taken respecting the tutorship, third parties have acquired rights upon the property of the tutrix, the former minor has no one else but herself to blame for not using the first four years of majority in forcing an adjudication of her rights.
"The inscription of the inventory of the father's succession in 1869 and its reinscription in 1879 preserved the mortgage of the plaintiff, but could no more keep alive the debt which that mortgage secured than the inscription and timely reinscription of all ordinary mortgage can keep alive a note secured by it. Suit must be brought upon a mortgage note within five years or prescription must otherwise be interrupted or else the note will be prescribed, and the fact that the mortgage is still alive will not save the note.
"So long as the relation of tutrix and ward exists prescription does not begin, but whether provisional accounts have been rendered during minority or not, prescription does begin from the majority of the ward, and the Code interposes it as a conclusive bar to any claim respecting the acts of the tutorship, and to protect third persons from collusion between the former tutrix and ward or from failure of the tutrix to use the plea, it was long ago held in a case very similar to this that a third possessor can avail herself of the plea even when the tutor has renounced it. Blanchard v. Decuir, 8 La.Ann. 504."
See also Aillot v. Aubert, 20 La.Ann. 509; Cochran v. Violet et al., 37 La.Ann. 221; Flaspoller Co. v. Siess, 6 La.App. 827.
It is now elementary that a third possessor can avail himself of the plea of prescription of four years, in fact, any plea of prescription, when the tutor has renounced it. Civil Code, Art.3466; Blanchard v. Decuir, 8 La.Ann. 504; McDaniel v. Lalanne, 28 La.Ann. 661; Bedell v. Calder, supra.
It is to be noted that on July 19, 1937, these plaintiffs filed a suit seeking practically the same relief as in the present suit. This suit was dismissed for want of allegation of the rendition of an account by the tutor and a judgment fixing the amount due to each of the plaintiffs, and also lacking essential allegations for an hypothecary action. This suit, however, had the effect of interrupting the running of prescription for those who had not yet attained their twenty-fifth birthday, which were, namely: Frances, Domineck and Charles Olevia.
The plea of four years' prescription should have been sustained in so far as it applies to the first three named plaintiffs.
 On the Merits.
Every essential allegation of plaintiffs' petition has been fully proved. The facts are not disputed, nor is the law involved. In fact, the defendants relied solely on the exception of no right or cause of action, the plea of res adjudicata, and the plea of prescription as a defense. We see no good reason to again relate the facts proven and the law applicable.
For these reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended by the sustaining of the plea of prescription of four years in so far as it applies to the plaintiffs Sam Olevia, Mary Olevia and Joe Olevia, and that their suit be dismissed at their costs in both courts. As thus amended, the judgment is affirmed. *Page 72